1

2

3

4

5               IN THE UNITED STATES DISTRICT COURT

6            FOR THE EASTERN DISTRICT OF CALIFORNIA

7 JESUS LUA,

8           Petitioner,           No. 2:08-cv-0213-WBS-JFM (PC)

9    vs.

10 M. MARTEL, Warden,

11          Respondent.      FINDINGS AND RECOMMENDATIONS

12 _____/

13        Petitioner is a state prisoner proceeding pro se with an application for a writ of

14 habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court on respondent's

15 motion to dismiss this action as barred by the one year statute of limitations.  See 28 U.S.C.

16 § 2244(d).

17      Section 2244(d)(1) of Title 28 of the United States Code provides:

18      A 1-year period of limitation shall apply to an application for a writ
     of habeas corpus by a person in custody pursuant to the judgment
19      of a State court.  The limitation period shall run from the latest of –

20      (A) the date on which the judgment became final by the conclusion
     of direct review or the expiration of the time for seeking such
21      review;

22      (B) the date on which the impediment to filing an application
     created by State action in violation of the Constitution or laws of
23      the United States is removed, if the applicant was prevented from
     filing by such State action;
24
     (C) the date on which the constitutional right asserted was initially
25      recognized by the Supreme Court, if the right has been newly
     recognized by the Supreme Court and made retroactively
26      applicable to cases on collateral review; or

1    (D) the date on which the factual predicate of the claim or claims
     presented could have been discovered through the exercise of due
2    diligence.

3    28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed

4    application for State post-conviction or other collateral review with respect to the pertinent

5    judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C.

6    § 2244(d)(2).

7           For purposes of the statute of limitations analysis, the relevant chronology of this

8    case is as follows:

9           1.  On July 22, 2003, petitioner was convicted of charges of gross vehicular

10   manslaughter, causing bodily injury while driving under the influence of alcohol, and driving

11   with a suspended license.  The trial court found true two prior strike conviction allegations.  On

12   September 5, 2003, petitioner was sentenced to fifty years to life in prison.  (Lodged Document

13   Nos. 1-2.)[1]  Petitioner appealed the conviction and on December 14, 2004, the California Court

14   of Appeal, third Appellate District, affirmed the judgment.  (Lodged Document No. 2.)  The

15   California Supreme Court denied review on February 16, 2005.  (Lodged Document No. 3-4.)

16          2.  On December 7, 2003, petitioner filed a petition for writ of habeas corpus in

17   the Sacramento County Superior Court.[2]  (Lodged Document No. 5.)  That petition was denied by

18   order filed January 9, 2004.  (Lodged Document No. 6.)

19   /////

20   /////

21   /////

22

23   _____

     [1]  All documents identified as Lodged Documents were filed by respondents in this action
24   on April 10, 2008.

25   [2]  December 7, 2003 is the date on which petitioner, proceeding pro se, delivered the state
     superior court habeas petition to prison officials for mailing.  See Lodged Document No. 5.
26   Under the mailbox rule, that date is considered the filing date of the petition.  See Stillman v.
     Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

1          3.  On September 20, 2005,[3] petitioner filed a second petition for writ of habeas

2  corpus in the Sacramento County Superior Court.  (Lodged Document No. 7.)  That petition was

3  denied by order filed November 16, 2005.  (Lodged Document No. 8.)

4          4.  On December 30, 2005, petitioner filed a petition for writ of habeas corpus in

5  the California Court of Appeal for the Third Appellate District.[4]  (Lodged Document No. 9.)

6  That petition was denied by order filed January 12, 2006.  (Lodged Document No. 10.)

7          5.  On June 8, 2006, petitioner filed a petition for writ of habeas corpus in the

8  California Supreme Court.[5]  (Lodged Document No. 11.)  That petition was denied by order filed

9  July 25, 2007.  (Lodged Document No. 12.)

10         6.  On January 28, 2008, petitioner filed the instant federal habeas corpus

11  petition.[6]

12         The California Supreme Court denied review on February 16, 2005.  (Lodged

13  Document No. 4.)  Ninety days thereafter, or May 17, 2005, petitioner's conviction became final,

14  when the time for filing a petition for writ of certiorari expired.  Bowen v. Roe, 188 F.3d at 1157.

15  The federal limitation period started to run the next day, May 18, 2005.  See Patterson v. Stewart,

16  251 F.3d 1243, 1246 (9th Cir. 2001).  The last day petitioner had to file a federal petition was on

17  May 17, 2006, unless petitioner is entitled to statutory tolling.

18         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

19  application for State post-conviction or other collateral review with respect to the pertinent

---

[3]  This petition was signed on September 20, 2005 but does not contain a certificate of service.  The filing date may also be the date the petition is signed.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).  Thus, September 20, 2005 is deemed the filing date for said petition.

[4]  December 30, 2005 is deemed the filing date for said petition.  See footnote 1, supra.

[5]  This petition was signed June 8, 2006 and is deemed the filing date for said petition.  See footnote 3, supra.

[6]  January 28, 2008 is deemed the filing date of petitioner's federal habeas corpus petition.

1    judgment or claim is pending shall not be counted toward" the one year limitation period. 28

2    U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is

3    tolled from the time the first state habeas petition is filed until the California Supreme Court

4    rejects the petitioner's final collateral challenge."[7]  Id., 183 F.3d 1003, 1006 (9th Cir.1999), cert.

5    denied, 529 U.S. 1104, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir.

6    1999).  The Court reasoned that tolling the limitations period during the time a petitioner is

7    preparing his petition to file at the next appellate level reinforces the need to present all claims to

8    the state courts first and will prevent the premature filing of federal petitions out of concern that

9    the limitation period will end before all claims can be presented to the state supreme court.  Id. at

10   1005.  As a general rule, the limitation period is tolled "while a California petitioner 'complete[s]

11   a full round of [state] collateral review.'"  Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir.

12   2003) (quoting Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)).  The limitations period,

13   however, will not toll for the time a petition for writ of habeas corpus is pending in federal court.

14   Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001).

15            Here, at the time the first petition was filed December 7, 2003 and denied on

16   January 9, 2004, the limitations period had not yet commenced running, as it was filed before the

17   statute of limitations period began to run May 18, 2005.  A collateral action filed prior to the

18   effective date of the statute of limitations has no tolling consequence.  Hill v. Keane, 948 F.Supp.

19   157, 159 (E.D.N.Y.1997).  Accordingly, petitioner's first state petition does not toll the statute of

20   limitations period.

21   /////

22   /////

23

24        [7] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts
     all have original habeas corpus jurisdiction.  See Nino, 183 F.3d at 1006, n.2 (9th Cir.1999).
     Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner
25   may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies
     relief, the petitioner may seek review in the California Supreme Court by way of a petition for
26   review, or may instead file an original habeas petition in the Supreme Court.  See id.

1    Petitioner's second petition was not filed until September 20, 2005, over eight

2    months after his first state habeas petition was denied and over seven months after his appeal was

3    denied on February 16, 2005.

4    Petitioner does not get the benefit of interval tolling for the period of time

5    between the denial of the first petition and the filing of the second petition under the continuous

6    pending rationale of Nino v. Galaza, 183 F.3d 1003 (9th Cir.1999).  In Nino, the Ninth Circuit

7    found that the statute of limitations is tolled for exhaustion of state court remedies during

8    intervals between the dispositions of state collateral actions and the filing of a subsequent

9    collateral action at the next state appellate level.  Id. at 1006-1007; see also Dils v. Small, 260

10    F.3d 984, 986 (9th Cir.2001).  Because the second petition was again brought before the

11    Sacramento County Superior Court, petitioner was not proceeding in an orderly fashion and his

12    petition was successive.  Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D.Cal.2001) (declined

13    to apply the Nino standard of tolling to successive superior court petitions); see also Dils v.

14    Small, 260 F.3d at 986 (no tolling between successive petitions).

15    Moreover, petitioner's seven or eight month delay between filings was also

16    unreasonable.  Under California's collateral review scheme, an appeal is timely if filed within a

17    "reasonable time."  In Carey v. Saffold, 536, U.S. 214 (2002), the United States Supreme Court

18    held that the time during which a state application is "pending" includes the period between a

19    lower court's denial of relief and the filing in a higher court, provided that the filing in the higher

20    court is timely under state law.  In Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006), the

21    Supreme Court held that after the California Court of Appeal denied habeas relief, there was an

22    unjustifiable delay of at least six months before Chavis filed a habeas petition in the California

23    Supreme Court.  The court found that "six months is far longer than the 'short period[s] of time,'

24    30 to 60 days, that most states provide for filing an appeal to the state supreme court."  Evans,

25    546 U.S. at 201 (citing Carey v. Saffold, 536 U.S. at 219).

26    /////

1        Here, petitioner has provided no explanation for the seven or eight month delay

2   between his first and second state court petitions.  Such delay is unreasonable and cannot serve to

3   toll the statute of limitations period.  See Evans, 546 U.S. at 198-201 (concluding that an

4   unexplained and unjustified filing delay of six-months is unreasonable); Gaston v. Palmer, 447

5   F.3d 1165, 1167 (9th Cir. 2006) (concluding that unexplained delays of 18, 15, and 10 months

6   between habeas filings are unreasonable and could not be subject to interval tolling).  As noted

7   above, petitioner delayed the filing of his second petition in state court by over seven months.

8   The United States Supreme Court has held that such an interval is unreasonable under California

9   law.  Accordingly, the interval between that filing and the denial by the superior court cannot

10  serve to toll the statute of limitations period.  See Evans, 546 U.S. at 201; Gaston, 447 F.3d at

11  1167.

12       Therefore, the limitations period began to run on May 18, 2005, and ran without

13  tolling until petitioner filed his second petition in state court on September 20, 2005.  At that

14  time, 125 days had passed and petitioner had 240 days left in which to file his federal petition.

15       After petitioner's second petition in state court was denied, petitioner filed his

16  state court actions in an orderly fashion, next filing in the Court of Appeals, and then filing in the

17  California Supreme Court.  Accordingly, petitioner is entitled to tolling during the pendency of

18  those actions, including interval periods, so long as he did so in a timely manner.  Petitioner's

19  third petition was filed less than sixty days after his second petition was denied, so petitioner is

20  entitled to 115 days tolling from September 20, 2005 through January 12, 2006, the date the third

21  petition was denied.  Petitioner still had 240 days left in which to file his federal petition.

22       However, petitioner did not file his fourth petition in the California Supreme

23  Court until June 8, 2006, almost five months later.  Petitioner has again failed to explain the

24  reasons for his delay; thus, under Evans, he is not entitled to tolling for this interval period of 147

25  days.  Petitioner was left with 93 days in which to file his federal petition.

26  /////

1    The limitations period was tolled, however, during the pendency of the fourth

2  petition, from June 8, 2006 until it was denied on July 25, 2007.  By July 25, 2007, petitioner had

3  93 days left in which to file his federal petition, which meant his petition was due in this court on

4  or before October 25, 2007.  However, petitioner did not file the instant action until January 28,

5  2008, over three months too late.  Thus, the instant petition was untimely filed.

6    Petitioner's reliance on Hemmerle v. Schriro, 495 F.3d 1069 (9th Cir. 2007) is

7  unavailing.  In Hemmerle, the Circuit held that no tolling would be accorded for the interval

8  between the denial of one petition and the filing of another petition that stated factually distinct

9  claims for the first time.  Id., 495 F.3d at 1076.  Here, in petitioner's first full round of collateral

10  review, he was challenging the imposition of a restitution order.  In his second petition, petitioner

11  raised three new claims under the Sixth Amendment:  ineffective assistance of counsel, trial

12  court erred in permitting live testimony from a court reporter, and sentencing him under

13  California's three strikes law was error.  Therefore, the subsequent petition, the second petition

14  filed in the Sacramento County Superior Court, was not part of the first "full round" of collateral

15  review.[8]  Welch v. Carey, 350 F.3d 1079, 1082-84 (9th Cir.2003), cert. denied, 541 U.S. 1078,

16  124 S.Ct. 2423 (2004) (interval tolling denied where the grounds of the second state habeas

17  petition were different from the grounds of the first state habeas petition); King v. Roe, 340 F.3d

18  821, 822 (9th Cir.2003) (no tolling accorded for interval between the denial of one petition and

19  the filing of a distinct petition); Smith v. Duncan, 297 F.3d 809, 815 (9th Cir.2001) (no tolling

20  accorded for interval between the denial of a California Supreme Court habeas petition and filing

21  of a subsequent habeas petition in the Superior Court); Dils v. Small, 260 F.3d 984, 986 (9th

22  Cir.2001) (no tolling accorded for interval between successive habeas petitions filed in the same

23  state court); Foley v. Cambra, 2002 WL 31855342 *2 (N.D.Cal. Dec.10, 2002) (no tolling

24

25    [8]  Also, the Supreme Court has instructed the lower courts that an order stating that a
petition was "denied on the merits," is not necessarily an "absolute bellwether" on the question of
26  timeliness.  Chavis v. Evans, 126 S.Ct. at 852.

1  between the denial of a Superior Court habeas petition and the filing of another Superior Court

2  habeas petition).

3          The above findings are also consonant with <u>Carey v. Saffold</u>, <u>supra</u>.  "California's

4  system functions in ways sufficiently like other state systems of collateral review to bring

5  intervals between a lower court decision and a filing of a new petition in a higher court within the

6  scope of the statutory word 'pending' "  <u>Id.</u>, 536 U.S. 214, 122 S.Ct. at 2140.  In California, a

7  properly filed post conviction application is "pending" during the intervals between a lower court

8  decision and filing a new petition in a higher court.  <u>Carey v. Saffold</u>, 536 U.S. 214, 223, 122

9  S.Ct. 2134 (2002).  The <u>Carey</u> Court "concluded that 'an application is pending as long as the

10  ordinary state collateral review process is 'in continuance' – i.e., 'until the completion' of that

11  process.  In other words, until the application has achieved final resolution through the State's

12  post-conviction procedures, by definition it remains 'pending.'"  <u>Welch v. Carey</u>, 350 F.3d 1079

13  (9th Cir. 2003), quoting <u>Carey v. Saffold</u>, 536 U.S. at 219-20.

14          "The Supreme Court made it clear in <u>Carey v. Saffold</u> that an unreasonable delay

15  in seeking review in the California Supreme Court from a lower court on the same claim deprives

16  any application from being regarded as 'pending.'  <u>Welch</u>, 350 F.3d at 1083.  The Supreme Court

17  further clarified this conclusion in <u>Evans v. Chavis</u>, by holding that an unexplained delay of six

18  months during the interval between the lower court's denial of a state habeas petition and the

19  filing of a notice of appeal from that decision could not be "reasonable" under state law.  <u>Id.</u>, 546

20  U.S. 189.

21          Finally, petitioner contends he should be entitled to equitable tolling because he

22  relied on the advice of his appellate attorney in determining the deadline by which he must file

23  his federal petition under AEDPA.  (Opp'n at 3.)  Petitioner stated he "used this deadline in

24  making his tactical decision when filing the instant Petition with this Court."  (Opp'n at 3.)

25  Petitioner also appended a copy of his attorney's letter.  (<u>Id.</u>, Ex. A.)

26  /////

1    However, petitioner's counsel advised him unequivocally that he must have his

2  federal petition on file no later than May 16, 2006.  (Id.)  The attorney's letter did not address

3  statutory tolling.  Petitioner waited over six months from the July 25, 2007 denial by the

4  California Supreme Court in which to file his federal petition on January 28, 2008.  Petitioner has

5  failed to explain how this delay was "tactical" in relation to counsel's warning that the deadline

6  to file in federal court was May 16, 2006.

7    Thus, petitioner has failed to show he would be entitled to equitable tolling of the

8  limitation period.  Cf. Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008) (equitable tolling of the

9  limitation period "typically granted when litigants are unable to file timely petitions as a result of

10 external circumstances beyond their direct control.")

11    For all of the foregoing reasons, this action is barred by the statute of limitations.

12 Accordingly, respondents' motion to dismiss should be granted.

13    IT IS HEREBY RECOMMENDED that:

14    1.  Respondents' April 10, 2008 motion to dismiss be granted; and

15    2.  This action be dismissed as barred by the statute of limitations.

16    These findings and recommendations are submitted to the United States District

17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

18 days after being served with these findings and recommendations, any party may file written

19 objections with the court and serve a copy on all parties.  Such a document should be captioned

20 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

21 failure to file objections within the specified time may waive the right to appeal the District

22 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED:  June 4, 2008.

24

25                                         UNITED STATES MAGISTRATE JUDGE

26 001; lua0213.mtd